19-1586-cr
*United States v. Vargas*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-one.

PRESENT:  DENNIS JACOBS,
JOSÉ A. CABRANES,
STEVEN J. MENASHI,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                          19-1586-cr

        v.

DAVID VARGAS AKA GREEN EYES,

        *Defendant-Appellant,*

ARMANDO MORONTA, ALICIA ALONSO, JORGE ARIAS
AKA BOYUCO,

        *Defendants.*

---

**FOR DEFENDANT-APPELLANT:**           DANIEL S. NOOTER, Washington, D.C.

**FOR APPELLEE:**           NADIA I. SHIHATA (Susan Corkery, *on the brief*), Assistant United States Attorneys,

*for* Mark J. Lesko, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of conviction of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant David Vargas ("Vargas") appeals from a judgment of conviction entered on May 17, 2019. Vargas pleaded guilty to one count of a narcotics trafficking conspiracy, in violation of 21 U.S.C. § 846. He was then sentenced principally to a within Guidelines sentence of 160 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Vargas argues for the first time that he was denied effective assistance of counsel when his lawyer failed to object to a factual error by the District Court at sentencing.[1] "This court is generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004). Still, we have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). To prevail on an ineffective assistance claim, a defendant must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Specifically, Vargas argues that the District Court erred by holding Vargas accountable for "corrupting" a federal correctional officer, Armando Moronta, when Moronta's participation in the narcotics trafficking conspiracy predated Vargas' joining the conspiracy. We disagree. Our review of the record reveals no such factual error. Nowhere does the District Court suggest that Vargas turned Moronta or was responsible for bringing him into the conspiracy. Instead, the District Court observed that it was "trouble[d]" by "the corruption end of this." App'x at 103. In other words, "[t]his was all done because you and your co-conspirators paid bribes to Moronta to bring this stuff in, and that is something that sets this drug conspiracy apart from all of the others, and from the

---

[1] In his brief filed on July 7, 2020 Vargas also challenged his sentence based on his career offender designation, but on November 16, 2020 we granted the government's motion to dismiss this portion of Vargas' argument, which Vargas had waived in his plea agreement. Accordingly, we consider only his ineffective assistance of counsel claim on appeal.

typical conspiracy." *Id.* Accordingly, we cannot say that Vargas was denied effective assistance of counsel. There was no factual error so it was not unreasonable for Vargas' counsel not to object.

## CONCLUSION

We have reviewed all of the arguments raised by Vargas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 17, 2019 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk